FAMILY COUNSELING SERVICE OF CLARK COUNTY, NEVADA, INC., a Nevada Non-Profit Corporation, Frank Brown, Individually and in his capacity as Director of Family Counseling Service, and John Cohan, Individually and in behalf of all residents of Clark County, Nevada, of the age of 60 years or more, Plaintiffs,

v.

Dayle RUST, member and President of the Nevada Board of Marriage and Family Counselor Examiners in his official capacity as said President and member, and the following named individuals, likewise members of said Board in their official capacity: Karl Swain, James Moser, Dr. William O'Gorman, and Judi Kosinski, Defendants.

Civ. No. LV 77–20 RDF.

United States District Court,
D. Nevada.

Sept. 29, 1978.

---

Robert J. Cohen, Gill Deford, Robert B. Gillan, Los Angeles, Cal., Earle H. Warner, Martine Makower, Nripendra N. Singh, Clark County Legal Services Program, J. Douglas Deaner, President, North Las Vegas, Nev., for plaintiffs.

Robert List, Atty. Gen., State of Nev., Carson City, Nev., for defendants.

## MEMORANDUM OPINION

ROGER D. FOLEY, Chief Judge.

This action seeking declaratory and injunctive relief was filed January 26, 1977, pursuant to Title 28, U.S.C., § 1343 and Title 42, U.S.C., § 1983. The relief sought is a judgment declaring unconstitutional Principle VI of Rule 19 of the Rules and Regulations of the Nevada State Board of Marriage and Family Counselor Examiners, which prohibits the advertisement of costs and availability of marriage and family counseling services, and enjoining defendants from enforcing said principle. The parties have stipulated the facts and the matter is before the Court on the parties' briefs. The following statement of stipulated facts is taken from plaintiffs' memorandum of points and authorities in support of prayer for final relief.

## FACTS

The parties plaintiff are:

"1. Family Counseling Service of Clark County, Nevada, Inc., a non-profit corporation which provides therapeutic counseling to the public;

"2. Marilyn Cohen, a marriage and family counselor licensed by the Nevada Board of Marriage and Family Counselor Examiners, and who is currently employed by Family Counseling Service of Clark County, Inc.;

"3. John Cohan, an elderly resident of Clark County, Nevada, who is seeking to make information regarding mental health services available to elderly persons.

"The party Defendants are members of the Nevada Board of Marriage and Family Counselor Examiners or were members at the time this action commenced.

"Plaintiff FAMILY COUNSELING SERVICE is a Nevada non-profit corporation which provides counseling services to the general public: individuals, couples, family, parent-child, and group. Among the counseling services performed by Plaintiff are therapeutic services designed to meet the particular needs of the elderly who experience unique personal and family problems resulting from such causes as bereavement, isolation, forced retirement, family dispersal, and failing health. Fees are charged on a per-session basis and are determined on a sliding scale from zero to $30.00 per session, based on the family's gross income and the number of persons in the household.

"Treatment or counseling is based on objectives to which the counselor and client agree in the initial session as well as on the nature of the problem. Professional judgment is a large component of the service. The consumer is not always able to determine in advance the nature or scope of the problem, nor the type of counseling needed. Determination of these factors is part of the assessment process. For situations in which the objectives and problems are similar, clients receive similar services. However, the individual client's objectives, motivations, strengths, resources, and duration of the problem all influence the counseling and the number of sessions needed. Family Counseling Service pledges to provide service but makes no guarantees regarding the particular results of any type of counseling services rendered.

"The Nevada State Legislature has recognized the practice of marriage and family counseling to be a learned profession which affects public safety and welfare and is charged with public interest. Therefore, the practice of this profession is subject to

protection and regulation by the State. NRS 641A.010.

"The Board of Marriage and Family Counselor Examiners was created by NRS 641A.090 as the regulatory State agency for the profession of marriage and family counseling. It is empowered by statute to examine and pass upon the qualifications of practitioners, certify applicants, and revoke or suspend certificates.

"Under color of State law (NRS 641A.160), the Board of Marriage and Family Counselor Examiners (hereafter "Board") promulgated rules and regulations supervising the practice of the profession. Rule 19 governs the ethical conduct of certified counselors in the State of Nevada. Violation of this rule may be deemed unprofessional conduct and grounds for suspension or revocation of a certificate. NRS 641A.310.

"Principle VI of the Marriage and Family Counseling Rule 19 'Code of Ethics' states: '*ANNOUNCEMENT OF SERVICES*: The marriage and family counselor maintains professional rather than commercial standards in making known his availability for professional services. He does not directly solicit clients for diagnosis or counseling. Individual listings in telephone directories are limited to:
a. name
b. highest relevant degree
c. certified State of Nevada and/or certified American Association of Marriage and Family Counselors (AAMFC)
d. agency affiliation
e. address
f. telephone number.
Boldface type or other than ordinary type size is prohibited. Listing of professional affiliations of any kind and block listings is prohibited. A simple professional office sign may indicate the location of a private practitioner. Newspaper announcements shall be limited to announcing the opening of an office, change of location or telephone number, staff or association changes or addition, and are limited to not more than seven repetitions of any given announcement in one month,

the size not to exceed two columns by four inches. Announcing professional services to other professional disciplines, schools, business firms, and similar organizations may be descriptive of service but not evaluative. An individual practitioner may not represent to the public that a marriage and family counseling clinic, center or agency is being operated, if, in fact, the member is engaged in independent individual practice. Legal incorporation, where permitted by law, shall not in itself be satisfactory evidence of a de facto clinic. There must be actual association of qualified professional persons working together as a clinical team at the same location to qualify in practice as a clinic. The advertising of a clinic, center or agency shall be subject to the same restrictions as applied to individual practitioners.'

"Prior to July 15, 1976, Plaintiff Family Counseling Service listed in bold face in the yellow pages of the Las Vegas Central Telephone Directory specific counseling services available from their professional staff in violation of Rule 19 'Code of Ethics.'

"The Board notified Plaintiff Family Counseling Service by a letter dated July 30, 1975, that their advertisement in the yellow pages of the telephone directory violated Rule 19 'Code of Ethics' and constituted unprofessional conduct. Thereafter, pursuant to demands of Defendants, Plaintiffs discontinued the non-conforming nature of their advertisement effective with the July 1976 telephone directory.

"It should be noted that Defendants do *not* allege that Plaintiff Family Counseling's ad, which Defendants have disallowed, was either fraudulent or misleading. Furthermore, Defendants do not allege that there was any public harm caused by Plaintiff Family Counseling's advertisement.

"In the absence of Rule 19 limitations, Plaintiffs Marilyn Cohen and Family Counseling Service desire to advertise the availability of counseling services they provide and the existence of a fee schedule based upon ability to pay. Plaintiff John Cohan desires to receive such information."

## DISCUSSION

The issue before the Court is whether the state may prevent the publication in the telephone book of the truthful advertisement of terms and availability of marriage and family counseling services. Recently, the Supreme Court in *Bates v. State Bar of Arizona*, 433 U.S. 350, 384, 97 S.Ct. 2691, 2709, 53 L.Ed.2d 810 (1977), ruled on a similar issue:

> "The constitutional issue in this case is only whether the State may prevent the publication in a newspaper of appellants' truthful advertisement concerning the availability and terms of routine legal services. We rule simply that the flow of such information may not be restrained, and we therefore hold the present application of the disciplinary rule against appellants to be violative of the First Amendment."

From this decision, it flows a fortiori that the portion of Principle VI of Rule 19 of the Marriage and Family Counseling Code of Ethics, which restricts the flow of truthful information concerning the availability and terms of counseling services, is violative of the First Amendment.

Plaintiff Family Counseling Service seeks only to advertise the availability and costs of a consultation session. It does not seek to advertise the complete cost of a routine, prepackaged service as did the plaintiffs in *Bates*, supra. Defendants do not assert that there is anything misleading about advertising the costs of a consultation session. Moreover, in this age of spiraling divorce, alcoholism and suicide rates, there is obviously a great need for basic truthful information regarding the availability and terms of counseling services. Those individuals on fixed or limited incomes have a right to know that they may avail themselves of counseling services without charge or at a reduced fee.

The Code of Professional Ethics of the American Association of Marriage and Family Counselors encourages the dissemination of such information in brochures:

> "*Brochures.* The production and distribution of public informational materials is an appropriate activity of the marriage and family counselor. The purpose of such material is to inform the public, not to 'promote' the individual's practice. Therefore the emphasis should be on simple statements of services offered, factual presentations of the practitioner's relevant training and experience, and accurate information about contracts and conditions for service."

There is no reason why the national guidelines should permit the publication of such information in a brochure, while the Nevada rules prohibit the publication of such information in a telephone book that is accessible to almost everyone.

Accordingly, the Court finds that Principle VI of Rule 19 of the Professional Code of Ethics violates the First Amendment to the extent that it prohibits or restrains the truthful advertisement of terms and availability of counseling services. There being no reason to suspect that the defendants or their agents will not abide by the final decision of this Court, plaintiffs' motion for injunctive relief is denied without prejudice.

This opinion constitutes this Court's findings of fact and conclusions of law. Let judgment be entered accordingly.